16-2447-cv
Schnauder v. Gibens

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of February, two thousand seventeen.

PRESENT:  BARRINGTON D. PARKER,
           REENA RAGGI,
           CHRISTOPHER F. DRONEY,
               *Circuit Judges*.

---------------------------------------------------------------------

PETER M. SCHNAUDER, AKA "PETER SCHBAUDER,"

*PLAINTIFF-APPELLANT*,

        v.                                    No. 16-2447-cv

FRANKLIN GIBENS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY THE DEPARTMENT OF CORRECTION FOR THE CITY OF NEW YORK, DORIS B. SCHRIRO, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS THE COMMISSIONER FOR THE NEW YORK CITY DEPARTMENT OF CORRECTION, THOMAS HALL, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS DEPUTY WARDEN IN CHARGE OF OTIS BANTUM CORRECTIONAL CENTER, RIKERS ISLAND CORRECTIONAL FACILITY, ERIK BERLINER, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS ASSOCIATE COMMISSIONER OF HEALTH AFFAIRS AND FORENSIC SERVICES OF THE NEW YORK CITY DEPARTMENT OF CORRECTION, NEW YORK CITY DEPARTMENT OF CORRECTION,

1

JANE DOES 1-100, JOHN DOES 1-100,

*DEFENDANTS - APPELLEES.*

------------------------------------------------------------------------

APPEARING FOR APPELLANT:    ROBERT J. ADINOLFI, Esq., New York, New York.

APPEARING FOR APPELLEES:    QIAN JULIE WANG, Assistant Corporation Counsel (Scott Shorr, Assistant Corporation Counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel for the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the July 13, 2016 judgment of the district court is AFFIRMED.

Plaintiff Peter M. Schnauder appeals from the dismissal of his claims under the Eighth Amendment, *see* 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), *see id.* § 12132, and Section 504 of the Rehabilitation Act, *see* 29 U.S.C. § 794, based on defendants' alleged failure to provide timely treatment of his broken nose while he was imprisoned.[1] We review *de novo* the dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(6), accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *See Barrows v. Burwell*, 777 F.3d 106, 111 (2d Cir. 2015). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and

---

[1] Although afforded the opportunity to amend his § 1983 claims against individual defendants, Schnauder voluntarily dismissed his individual claims to pursue an immediate appeal of claims against the institutional defendants.

2

we will not accept as true allegations that amount only to "legal conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In applying these standards here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Section 1983 Claim

To state a § 1983 claim for official or municipal violation of constitutional rights, a plaintiff must adequately plead an official policy or custom that resulted in the violation alleged. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *accord Littlejohn v. City of New York*, 795 F.3d 297, 314–15 (2d Cir. 2015). Schnauder argues that his allegations were sufficient to show a "*de facto* policy . . . to downplay and ignore the medical needs of inmates to limit their ability to be released." Appellant's Br. 37. The argument fails because, apart from a detailed recounting of his own experiences, Schnauder's complaint contains only "general and conclusory allegation[s] that there was . . . a policy" to deny prisoners adequate medical care. *Littlejohn v. City of New York*, 795 F.3d at 314–15. Such allegations are insufficient to sustain or "raise a reasonable expectation that discovery will reveal evidence" in support of his claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556.

Schnauder invokes *Turpin v. Mailet*, 619 F.2d 196, 202 (2d Cir. 1980), for the principle that a single act may suffice to warrant an inference of municipal "deliberate indifference" or "gross negligence." His reliance is misplaced because however serious the delay in treating a broken nose, that omission is not analogous to the "single, unusually brutal or egregious beating" provided in *Turpin* as an example of conduct

3

admitting an inference of a policy of deliberate indifference or gross negligence. *Id.*; *see also Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 129 (2d Cir. 2004) (citing *Turpin* for proposition that "extreme" use of force "might be sufficient to allow a factfinder to infer deliberate indifference" by policymaker).

Because Schnauder's proposed amended complaint offers only equally conclusory allegations, any attempt to amend would have been futile. *See, e.g.*, *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Accordingly, we affirm both the district court's dismissal of Schnauder's *Monell* claim and its denial of leave to amend.

2. ADA and Rehabilitation Act Claims

To state a *prima facie* claim under either the ADA or Rehabilitation Act, a plaintiff must adequately plead that (1) he is a qualified individual with a disability; (2) the defendant is an "entity subject to the [A]cts;" and (3) "he was denied the opportunity to participate in or benefit from . . . services, programs, or activities" or "otherwise discriminated against . . . by reason of his disability." *Wright v. N.Y. State Dep't of Corr.*, 831 F.3d 64, 72 (2d Cir. 2016). In so doing, a plaintiff may rely upon a "reasonable accommodation" theory. *See Henrietta D. v. Bloomberg*, 331 F.3d 261, 273 (2d Cir. 2003).

Schnauder challenges the district court's determinations that he insufficiently alleged "disability" and causation. We need not reach Schnauder's first argument because, assuming *arguendo* that his allegations of breathing difficulty sufficed to show a "disability," Schnauder has not adequately pleaded that he was denied the opportunity for medical treatment by reason of his broken nose. *See Wright v. N.Y. State Dep't of Corr.*,

4

831 F.3d at 72. Schnauder's argument that denial of timely and meaningful medical treatment for his nose constituted a failure to provide a "reasonable accommodation" fails because the broken nose was not the reason he was unable to access medical services; rather, it was the reason he sought such services. In short, because he has not pleaded facts showing that denial of treatment was attributable to bias based on disability, *see McGugan v. Aldana-Bernier*, 752 F.3d 224, 231–32 (2d Cir. 2014), his pleadings do not admit an inference of proscribed discrimination, *see generally Doe v. Pfrommer*, 148 F.3d 73, 82–84 (2d Cir. 1998) (dismissing ADA claim where inmate's pleadings of denial of vocational rehabilitation in fact challenged adequacy of services received).

Accordingly, we affirm the dismissal of Schnauder's ADA and Rehabilitation Act claims.

3.  Conclusion

We have considered Schnauder's remaining arguments and conclude that they are without merit. Accordingly, the July 13, 2016 judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5